**In the Matter of the Application of the UNITED STATES of America FOR AN ORDER DIRECTING A PROVIDER OF COMMUNICATION SERVICES TO PROVIDE TECHNICAL ASSISTANCE TO AGENTS OF THE U.S. DRUG ENFORCEMENT ADMINISTRATION.**

Case No. 15–1242 (M).

United States District Court,
D. Puerto Rico.

Signed Aug. 27, 2015.

---

### OPINION AND ORDER [1]

BRUCE J. McGIVERIN, United States Magistrate Judge.

Before the court is an application from the government requesting an order requiring a provider of electronic communication services ("PROVIDER"), to provide information, facilities, and technical assistance to facilitate the consensual recording of all electronic communication, including PIN–to–PIN or Peer–to–Peer, and messaging, web trafficking, and text messaging, to and from a mobile phone (hereinafter "Target Phone") described in the application.

The Government alleges that the individual who uses the Target Phone ("Source") has given knowing and voluntary consent to AGENTS to intercept, monitor, and record electronic communications to and from the Target Phone. PROVIDER refused to assist in the interception of such electronic communications without a court order. The government requests that the court issue an order directing them to provide such assistance pursuant to the All Writs Act (28 U.S.C. § 1651(a)) and 18 U.S.C. § 2511(2)(a)(ii), (2)(c). The government supports its application with an affidavit executed by a DEA agent. For the reasons that follow, I am granting the application, but in doing so I am relying on authority under Fed. R.Crim.P. 41, rather than on the authority cited by the government.

### DISCUSSION

In the application before me, one party to the communication (Source) has consented to all interceptions of electronic communications to and from the Target Phone. The order requested is simply one directing PROVIDER to assist in accomplishing the interception. The government contends that the All Writs Act provides authority for the court to compel PROVIDER to facilitate the interception of electronic communication. Before addressing that specific question, however, I must first examine whether this request more properly falls under Title III. I thus begin with a brief overview of the relevant statutory provisions.

### I. Relevant Statutes

■ Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2522, was enacted to protect the privacy of oral and wire communications, and promote the lawful use of electronic surveillance by providing a uniform basis under which interception of such communications may be authorized. *See* S.Rep. No. 90–1097, 1968 U.S.C.C.A.N. 2112, 2153. To that end, § 2511 generally prohibits the interception and disclosure of wire, oral, or electronic communications, except as provided by the statute. Only certain senior officials in the Department of Justice are authorized to initiate Title III applications, § 2517, and only district court judges, circuit court judges, and certain state court judges empowered by state statute are authorized to approve wiretap orders. § 2510(9) (defining "judge of competent jurisdiction"); *see also In re U.S.*, 10 F.3d 931, 938 (2d Cir.1993) (holding district court judges may not delegate

---

1. The application, affidavit, and corresponding order in this case have been issued under seal. The present explanatory opinion and order do not contain any identifying information regarding the Provider, Source, or Target Phone, that are involved in the ongoing criminal investigation.

review of Title III applications to magistrate judges). In relevant part, § 2511 provides that:

(1) Except as otherwise specifically provided in this chapter any person who

(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication ... shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

(2)(a)(ii) Notwithstanding any other law, providers of wire or electronic communication service ... are authorized to provide information, facilities, or technical assistance to persons authorized by law to intercept wire, oral, or electronic communications ... if such provider ... has been provided with—

(A) a court order directing such assistance ... or

(B) a certification in writing by a person specified in section 2518(7) of this title or the Attorney General of the United States that no warrant or court order is required by law, that all statutory requirements have been met, and that the specified assistance is required,

setting forth the period of time during which the provision of the information, facilities, or technical assistance is authorized and specifying the information, facilities, or technical assistance required.

(c) It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where ... one of the parties to the communication has given prior consent to such interception.

Pursuant to § 2518(1), "[e]ach application for an order authorizing or approving the interception of a wire, oral, or electronic communication under this chapter" must be submitted to a "judge of competent jurisdiction and shall state the applicant's authority to make such application." Each application must include "a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued"; [2] and explain whether other investigative procedures have been employed and failed, or why other tools are unlikely to be fruitful. *Id.* Upon finding the requisite probable cause, the court "shall," at the government's request, include in the interception order, an order directing the relevant provider to furnish assistance necessary to complete the interception.[3] § 2518(4).

■ The All Writs Act, 28 U.S.C. § 1651(a), provides that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Act is a "residual source of authority to issue writs that are not otherwise covered by statute." *Ortiz–Bonilla v. Federacion de Ajedrez de P.R., Inc.*, 734 F.3d 28, 37 (1st Cir.2013).

## II. Applicability of Title III

■ The government's application apparently raises an issue of first impression,

---

**2.** Details such as the particular offense that is at issue, the nature and location of the facilities from which the interception will be conducted, and the type of communication sought to be intercepted must be included in the application. § 2518(1)(b).

**3.** Congress added this provision in 1970, in response to a Ninth Circuit decision which held that Title III did not provide authority for lower courts to order a telephone company to assist in the interception of wire communications. *See In re U.S. for an Order Authorizing Roving Interception of Oral Commc'ns*, 349 F.3d 1132, 1137 n. 8 (9th Cir.2003) (citing legislative materials).

namely, whether the order requested constitutes "an order authorizing or approving the interception of . . . electronic communication" for purposes of 18 U.S.C. § 2518. If the application before me falls under the terms of Title III, then it must comply with the requirements of § 2518, and be directed to a district court judge, or another "judge of competent jurisdiction," as defined in § 2510(9).

 When interpreting the scope of a statute, the text of the statute is the starting point. *United States v. Councilman,* 418 F.3d 67, 72 (1st Cir.2005). The text should be read as to give effect to the "plain and ordinary meaning" of the words chosen by Congress. *In re Hill,* 562 F.3d 29, 32 (1st Cir.2009). But the plain meaning of statutory text "is to be gleaned from the statute as a whole, including its overall policy and purpose. 'Literal' interpretations which lead to absurd results are to be avoided." *Summit Inv. & Dev. Corp. v. Leroux,* 69 F.3d 608, 610 (1st Cir.1995) (internal citations omitted).

A plain reading of the statute suggests that the instant application is not an "application for an order authorizing or approving the interception of . . . electronic communication." First, law enforcement officers here do not need an order "authorizing or approving" the interception of electronic communications to and from Target Phone, because § 2511(2)(c) allows law enforcement officials to intercept oral, wire, or electronic communications "without [court] approval if . . . a party to the conversation gives prior consent." *United States v. Diaz–Diaz,* 433 F.3d 128, 134 (1st Cir.2005). And Source has provided valid consent to the interception. Second, by its terms, the government's application is for an order directing PROVIDER to furnish technical assistance, not to authorize or approve an interception. Moreover, any

other reading of the statute would be inconsistent with the overall objective of Title III. As stated before, Title III serves a dual purpose—to protect the privacy of oral, wire, or electronic communications, while serving the legitimate needs of law enforcement—by providing a set of procedural safeguards designed to balance these two competing interests. Where one party to the conversation consents to the wiretap, the privacy concerns of Title III are lessened. Requiring law enforcement to comply with the strictures of § 2518 whenever a provider under these circumstances refuses to cooperate in the absence of a court order risks upsetting the delicate balance struck by Congress. This is especially evident where Title III contemplates provider assistance without a court order, and only upon a certification from an authorized government official. *See* § 2511(2)(a)(ii).[4] Additionally, subsection (2)(a)(ii) specifically provides that the court order or certification shall set forth the time period during which assistance should be provided, and "the information, facilities, or technical assistance required." This specificity suggests that court orders under § 2511(2)(a)(ii) are distinct from interception orders pursuant to § 2518, which must include additional information such as: the identity of persons, if known, whose communications are to be intercepted; and a description of the particular offenses involved. § 2518(4).

Thus, reading the text of Title III as a whole, I find that where a party to the conversation voluntarily consents to interception by law enforcement, and technical assistance from a provider of electronic communication services is required, a court order directing such assistance does not constitute "an order authorizing or ap-

---

**4.** Notably, while § 2511(2)(a)(ii) authorizes providers to furnish assistance upon a court order, it does not explicitly state that the order be one pursuant to § 2518.

proving the interception of a wire, oral, or electronic communication" under § 2518.[5]

### III. Authority to Compel Provider Assistance

■ Although the government's application is not subject to the procedural requirements of Title III, a question remains as to the court's power to *compel* cooperation by the provider. The government in its application cites the All Writs Act, 28 U.S.C. § 1651(a), and 18 U.S.C. § 2511(2)(a)(ii), (2)(c) in support of the court's authority to issue the requested order. But a review of these three provisions reveals that they do not provide authority for me to enter the requested order.

First, while the All Writs Act provides a federal court with power to issue such commands "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued," *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977), the Act does not, by itself, confer jurisdiction on a federal court. *United States v. Denedo*, 556 U.S. 904, 911, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009) ("[a]s the text of the All Writs Act recognizes, a court's power to issue any form of relief ... is contingent on that court's subject-matter jurisdiction over the case"). The government has not asserted the existence of a previously-issued court order or warrant that would be frustrated by PROVIDER's lack of cooperation. Issuance of the

requested order directly under the All Writs Acts would not be "necessary or appropriate in aid of [this court's] jurisdiction," where no jurisdiction exists. Thus, there must be a separate jurisdictional basis for me to grant this application.

Next, Title III also does not appear to provide the necessary authority for me to order provider cooperation. Of the two Title III provisions cited by the government, § 2511(2)(a)(ii) *authorizes* providers to furnish assistance in accordance with a court order or a certification, but does not explicitly give courts the power to *compel* such assistance. Likewise, § 2511(2)(c) simply authorizes law enforcement to conduct wiretaps without court approval where permission is given by one party to the communication. Lastly, § 2518(4), not cited by the government, is also insufficient, as that subsection authorizes the court to direct providers to furnish technical assistance *in conjunction with* the issuance of an interception order, and provides no authority for courts to compel provider assistance outside of the § 2518 context.[6]

Beyond the Title III context, where courts have invoked the All Writs Act to compel third-party assistance in law enforcement efforts, jurisdiction has been grounded in Rule 41 of the Federal Rules of Criminal Procedure. *See, e.g., United States v. N.Y. Tel. Co.*, 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977); *Application of U.S. for an Order Authorizing an In–Progress Trace of Wire Commc'ns over*

---

**5.** Because one party to the conversation has consented to the wiretap, Fourth Amendment concerns are not implicated. *See United States v. Jones*, 523 F.3d 31, 37 (1st Cir.2008) (noting that the government may conduct warrantless searches in accordance with the Fourth Amendment when a person with authority to consent, consents to the search).

**6.** It cannot be said that the power of a district court to issue companion orders of cooperation implies the power to order provider co-

operation in the absence of a Title III or § 2518 interception order. Issuance of an interception order is subject to a litany of requirements, including the requirement that only district court judges, circuit court judges, and certain state court judges are authorized to issue such orders. § 2510(9). Outside the confines of Title III, it is unreasonable to simply assume that any judge, including a magistrate judge, has the power to order providers to furnish technical assistance.

*Tel. Facilities*, 616 F.2d 1122, 1128 (9th Cir.1980) (relying on *New York Telephone*, ruled that the district court had power to compel telephone company to perform in-progress trace where the government's application included an affidavit establishing probable cause); *United States v. Fricosu*, 841 F.Supp.2d 1232, 1238 (D.Colo.2012) ("It is clear that the All Writs Act enables the court to issues orders to effectuate an existing search warrant"). Rule 41 authorizes magistrate judges to issue search warrants upon an affidavit and a showing of probable cause. Fed.R.Crim.P. 41(b)-(d).

In *United States v. New York Telephone Co.*, the district court issued an order authorizing federal agents to install pen registers,[7] and directing New York Telephone Company to furnish the technical assistance necessary to complete the installation. 434 U.S. at 161, 98 S.Ct. 364. The company challenged the district court's authority to compel its cooperation, arguing that such an order must comply with the requirements of Title III. *Id.* at 163, 98 S.Ct. 364. The Supreme Court rejected that argument, finding that pen registers are not covered under Title III. *Id.* at 168, 98 S.Ct. 364. Rather, the district court's order was issued upon a finding of probable cause, in accordance with Rule 41 of the Federal Rules of Criminal Procedure, *id.*; and the All Writs Act provided residual authority for the court to compel the Company's assistance, *id.* at 172–74, 98 S.Ct. 364. Similarly, in *In re Application of U.S. for an Order Directing X to Provide Access to Videotapes*, the court found that it was empowered under the All Writs Act to order an apartment building owner to hand over security camera footage to law enforcement, where the video footage would assist law enforcement in locating a suspect who was the subject of an arrest warrant. No. 03–89, 2003 WL 22053105, at *3 (D.Md. Aug. 22, 2003).

 In the present case, while one party to the conversation has consented to law enforcement's interception of electronic communications to and from the Target Phone, the party's consent merely takes the requested order out of the Title III context, and does not magically confer jurisdiction on the court to order PROVIDER's cooperation. Therefore, out of an abundance of caution, I find that an order directing assistance should not issue unless the government satisfies the requirements for search warrants under Rule 41, and provide an affidavit, detailing facts sufficient to establish that the interception of the electronic communications to and from Target Phone is likely to lead to evidence of a crime. Fed.R.Crim.P. 41(d); *cf. N.Y. Tel. Co.*, 434 U.S. at 169, 98 S.Ct. 364 (noting that Rule 41 is "sufficiently flexible to include within its scope electronic intrusions authorized upon a finding of probable cause"). Here, although the government's application bases its request not on Rule 41, but on what I have found to be insufficient statutory authority, the application nevertheless is supported by an affidavit executed by a DEA agent. I have reviewed that affidavit and am satisfied that it establishes probably cause that the intrusion and technical assistance the government seeks to compel likely will result in seizure of evidence of criminal activity. The requirements of Rule 41 being met, the government's application is granted.

## CONCLUSION

For the foregoing reasons, the government's request is granted. In future applications of this nature, and absent bind-

---

**7.** Pen registers do not capture the contents of a communication; it merely captures the numbers that are dialed out from a particular telephone line. *N.Y. Tel. Co.*, 434 U.S. at 167, 98 S.Ct. 364.

ing contrary authority, the government shall make similar requests in compliance with Rule 41 of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED.**